CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JUAN MALDONADO ESLAVA, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| HEAVENLY DELICATESSEN MARKET GROUP, INC. (D/B/A HEAVENLY MARKET AND DELI) and JAMAL MUSLEH, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Juan Maldonado Eslava ("Plaintiff Maldonado" or "Mr. Maldonado"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Heavenly Delicatessen Market Group, Inc. (d/b/a Heavenly Market and Deli), ("Defendant Corporation") and Jamal Musleh, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Maldonado is a former employee of Defendants Heavenly Delicatessen Market Group, Inc. (d/b/a Heavenly Market and Deli) and Jamal Musleh.

2.       Defendants owned, operated, or controlled a deli, located at 77 3rd Ave, New York, NY, United States, 10003, under the name "Heavenly Market and Deli".

3.     Upon information and belief, individual Defendant Jamal Musleh, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4.     Plaintiff Maldonado was employed as a merchandise stocker at the deli located at 77 3rd Ave, New York, NY, United States, 10003.

5.     At all times relevant to this Complaint, Plaintiff Maldonado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Maldonado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendants failed to pay Plaintiff Maldonado wages on a timely basis.

8.     In this regard, Defendants have failed to provide timely wages to Plaintiff Maldonado.

9.     Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Maldonado now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maldonado's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Maldonado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Juan Maldonado Eslava ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in New York County, New York.

16.    Plaintiff Maldonado was employed by Defendants at Heavenly Market and Deli from approximately April 20, 2023, until on or about September 21, 2023.

17.    Plaintiff Maldonado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a deli, located at 77 3rd Ave, New York, NY, United States, 10003 under the name "Heavenly Market and Deli".

19.     Upon information and belief, Heavenly Delicatessen Market Group, Inc. (d/b/a Heavenly Market and Deli) was a domestic corporation organized and existing under the laws of the State of New York.

20.     Upon information and belief, Defendant Jamal Musleh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jamal Musleh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jamal Musleh possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operated a deli located in a neighborhood in Manhattan.

22.     Individual Defendant, Jamal Musleh, possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, paid employees by the same method, and shared control over the employees.

24.    Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado, and all similarly situated individuals, referred to herein.

25.    Defendants jointly employed Plaintiff Maldonado (and all similarly situated employees) and are Plaintiff Maldonado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.    In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

27.    Upon information and belief, Individual Defendant Jamal Musleh operated Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f)  intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

29. During 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Maldonado is a former employee of Defendants who was employed as a merchandise stocker.

32. Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Maldonado Eslava*

33. Plaintiff Maldonado was employed by Defendants from approximately April 20, 2023, until on or about September 21, 2023.

34. Defendants employed Plaintiff Maldonado as a merchandise stocker.

35. Plaintiff Maldonado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Maldonado regularly worked in excess of 40 hours per week.

38.     From approximately April 20, 2023, until on or about September 21, 2023, Plaintiff Maldonado worked from approximately 8 a.m. until on or about 5 p.m., 5 days a week and from approximately 10 a.m. until on or about 5 p.m., 2 days a week (typically 59 hours per week).

39.     Additionally, three times per month Plaintiff Maldonado worked two to three hours more, two times a week (typically 65 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Maldonado his wages in cash.

41.     From approximately April 2023 until on or about September 2023, Defendants paid Plaintiff Maldonado $700 per week if he worked his normal schedule, but approximately $730 per week when he worked 65 hours per week.

42.     For approximately one week, Defendants did not pay Plaintiff Maldonado any wages for his work.

43.     Defendants never granted Plaintiff Maldonado any breaks or meal periods of any kind.

44.     Plaintiff Maldonado was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Maldonado an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48. As a result of Defendants' failure to provide Plaintiff Maldonado with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

49. Defendants required Plaintiff Maldonado to purchase "tools of the trade" with his own funds—including an electric bike and maintenance of said bike.

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51. Plaintiff Maldonado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Maldonado not receiving payment for all his hours worked, and resulted in Plaintiff Maldonado's effective rate of pay falling below the required minimum wage rate.

53. Defendants habitually required Plaintiff Maldonado to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Maldonado his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maldonado (and similarly situated individuals) worked, and to avoid paying Plaintiff Maldonado properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maldonado and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Maldonado and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61.     Defendants failed to provide Plaintiff Maldonado and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

62.     As a result of Defendants' failure to provide Plaintiff and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Maldonado brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Maldonado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

65.    The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

67.    At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Maldonado (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.    Defendants failed to pay Plaintiff Maldonado (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71.    Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiff Maldonado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

74.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Maldonado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.    Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.    Plaintiff Maldonado (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

78.    At all times relevant to this action, Defendants were Plaintiff Maldonado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Maldonado less than the minimum wage.

80.     Defendants' failure to pay Plaintiff Maldonado the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

82.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Maldonado overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff Maldonado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

86.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff Maldonado with a written notice, in English and in Spanish (Plaintiff Maldonado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.    As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL §195.

89.    Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

91.    With each payment of wages, Defendants failed to provide Plaintiff Maldonado with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.    As a result of Defendants' failure to furnish accurate statements to Plaintiff,

Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

93.     Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

94.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants required Plaintiff Maldonado to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

96.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

97.      Plaintiff Maldonado repeats and realleges all paragraphs above as though set forth fully herein.

98.     Defendants did not pay Plaintiff Maldonado on a regular weekly basis, in violation of NYLL §191.

99.     Defendants are liable to Plaintiff Maldonado in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Maldonado respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Maldonado and the FLSA Class members;

(f)     Awarding Plaintiff Maldonado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Maldonado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Maldonado;

(k)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Maldonado's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Maldonado;

(n)     Awarding Plaintiff Maldonado damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o)     Awarding Plaintiff Maldonado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Maldonado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown

to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Maldonado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Maldonado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Maldonado demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 20, 2025

CSM LEGAL, P.C

By:    /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 18 -

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

October 24, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juan Maldonado

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     24 de octubre 2023

*Certified as a minority-owned business in the State of New York*